UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| STEVEN K. STANLEY, | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | PRISONER |
| v. | : | CASE NO. 3:11-cv-1356 (CFD) |
| | : | |
| JOHN DIVENERE, ET AL., | : | |
| Defendants. | : | |

## INITIAL REVIEW ORDER

The plaintiff was incarcerated at Osborn Correctional Institution in Somers, Connecticut, when he filed this complaint *pro se* under 42 U.S.C. § 1983. He is no longer incarcerated, and now resides in Tolland, Connecticut. The plaintiff sues Chief of Police John Divenere and Police Officer Timothy O'Brien of the Bristol Police Department.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). A complaint that includes

only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff alleges that in January 2011, he was confined at Bergin Correctional Institution. During that month, Officer O'Brien called him twice and wrote to him once regarding his alleged violation of a protective order concerning the plaintiff's wife. In March 2011, Officer O'Brien called the plaintiff while he was at Carl Robinson Correctional Institution regarding another violation of the protective order. The plaintiff contends that this conduct violated Connecticut General Statutes § 53a-183, which is a State criminal statute for harassment in the second degree.

To state a claim under section 1983, the plaintiff must allege facts showing that the defendant, a person acting under color of state, law deprived him of a federally protected right. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982). However, the plaintiff has no constitutional right to seek the prosecution of another, such as Officer O'Brien. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

The Connecticut criminal statute cited by the plaintiff also does not support a private right of action under federal law. *See Cort v. Ash*, 422 U.S. 66, 80 (1975) (no

2

private cause of action existed under a "bare criminal statute, with absolutely no indication that civil enforcement of any kind was available to anyone"); *Burke v. APT Foundation*, 509 F. Supp. 2d 169, 173 (D. Conn. 2007) (statutory provisions identified by plaintiff were criminal statutes and as such, did not provide a private right of action to civil litigants). In addition, "'[t]here exists a presumption in Connecticut that private enforcement does not exist unless expressly provided in a statute. In order to overcome that presumption, the plaintiff bears the burden of demonstrating that such an action is created implicitly in the statute.'" *Sidi v. Diaz*, 50 Conn. L. Rptr. 264, 2010 WL 3038498, at *2 (Conn. Super. Ct. Jul. 7, 2010) (quoting *Provencher v. Enfield*, 284 Conn. 772, 777-78, 936 A.2d 625 (2007)).

The plaintiff also claims that the defendants subjected him to unlawful restraint or false imprisonment when Department of Correction officials placed him on administrative detention at Bergin and Carl Robinson during the Department of Correction's investigation of his alleged violations of a protective order, caused by Officer O'Brien. The plaintiff states that he was released from administrative detention only after officials found him not responsible for the charges. Under Connecticut law, " '[f]alse imprisonment is the unlawful restraint by one person of the physical liberty of another.' " Russo v. City of Hartford, 341 F.Supp.2d 85, 104 (D.Conn.2004) (quoting Berry v. Loiseau, 223 Conn. 786, 820, 614 A.2d 414 (1992)). To successfully state a claim for false imprisonment, the plaintiff must allege that " 'his physical liberty has been restrained by the defendant[s] and that the restraint was against his will, that is, that he did not consent to the restraint or acquiesce in it willingly.' " *Id.* at 104-05 (quoting Berry,

3

223 Conn. at 820, 614 A.2d 414). The restraint also must be accomplished through use of force. *See id.* (citations omitted).

The plaintiff has not alleged that the defendants restrained his physical liberty using force. Furthermore, in cases where the plaintiff is already confined or imprisoned when the alleged false imprisonment occurs, courts have found that claims of false imprisonment resulting from accusations that the plaintiff violated institutional rules or punishments for such violations lack merit. *See Parks v. Dooley*, No. 09–3514, 2011 WL 847011, at *32 (D. Minn. Feb.11, 2011) (finding that although a prisoner charged with violations of prisons rules was subsequently placed in segregation, segregation did not amount to false imprisonment, "particularly where [plaintiff] was already lawfully confined in prison"); *Wells v. S.C. Dep't of Prob. & Parole*, No. 4:06–1965–HFF–TER, 2007 WL 904283, at *8 (D.S.C. Mar.22, 2007) (concluding that where the petitioner violated terms of a community supervision program on several occasions and consequently had his home detention revoked, his false imprisonment claim was without merit because he was detained by lawful authority); *Branch v.* Shank, No. 3:06–CV–339 RM, 2006 WL 3513797, at *2 (N.D.Ind. Dec.5, 2006) (holding that because plaintiff on work release was already imprisoned as a convicted felon when he was accused of escape, "he was not falsely imprisoned, or even imprisoned at all, as a result of [the] accusations").

**Orders**

In accordance with the foregoing analysis, the court enters the following orders:

(1) The claims against all defendants are **DISMISSED**. See 28 U.S.C. § 1915A(b)(1). Accordingly, no federal claims against the defendants remain pending. The court declines to exercise supplemental jurisdiction over any state law claims against the defendants. See *United Mine Workers v. Gibbs*, 383 U.S. 715, 715-26 (1966) (holding that, where all federal claims have been dismissed before trial, pendent state claims should be dismissed without prejudice and left for resolution by the state courts). If the plaintiff chooses to appeal this decision, he may not do so *in forma pauperis*, because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

(2) The Clerk is directed to enter judgment for the defendants and close this case.

**SO ORDERED.**

Dated this 14th day of October 2011, at Hartford, Connecticut.


/s/ Christopher F. Droney
CHRISTOPHER F. DRONEY
UNITED STATES DISTRICT JUDGE